**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**ALCON VISION, LLC,**

                                                    **Plaintiff,**
                                                                          **MEMORANDUM**
                                                                          **AND ORDER**

                        **-against-**
                                                                          **18-CV-407 (NG)**


**LENS.COM, INC.,**


                                                    **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

The parties to this action continue to haggle *ad nauseum* over the terms of the

Confidentiality Order to be entered by this Court, and persist in attempting to expand the

record, in a haphazard fashion, with a seemingly endless stream of submissions in connection

with plaintiff Alcon's motion for a preliminary injunction.   In the latest salvo fired in this

conflict, defendant Lens.com seeks permission to (1) file a letter responding to three court-

ordered declarations, from Alcon's in-house counsel, relating to the parties' contretemps over

the protective order; (2) submit an *ex parte* declaration from Cary Samourkachian, the owner

of Lens.com, concerning the harm that will allegedly befall Lens.com if Alcon's in-house

counsel is granted access to Lens.com's financial information; and (3) file under seal yet

another memorandum in opposition to Alcon's request for a preliminary injunction, addressing

evidence newly discovered by Lens.com.   See DE #100.

Lens.com's latest application does not set forth Alcon's position with respect to

defendant's three-part request, nor does it even assert that the movant attempted to confer in

good faith with opposing counsel before filing its motion.   On this basis alone, the Court

would be justified in denying Lens.com's application in its entirety.

In any event, the Court concludes that much of the relief requested by Lens.com is unwarranted. In seeking permission to block access by Alcon's outside counsel to the proposed Samourkachian declaration, Lens.com fails to sustain its burden of demonstrating that no restriction more narrowly tailored than an *ex parte* submission is likely to be effective in protecting its interests. Therefore, the Court denies Lens.com's request to submit the Samourkachian declaration *ex parte*.

As for Lens.com's request to supplement the already sprawling record with further evidentiary submissions and arguments opposing Alcon's motion for a preliminary injunction, Lens.com has already sought an order striking portions of Alcon's reply papers or, in the alternative, permission for Lens.com to file a sur-reply and declarations (DE #91).[1] That application is opposed by Alcon (DE #95) and is currently pending before the Court.

In short, the record on Alcon's motion for preliminary injunction is already a series of volleys back and forth, and to grant Lens.com's application to add to the *seriatim* submissions would only exacerbate the Court's difficulty in addressing an unwieldy record. Therefore, the Court will give the parties an opportunity to better organize their respective presentations to the Court: Alcon shall serve its amended Rule 65 motion papers by September 4, 2019; Lens.com's amended opposition papers shall be served by September 25, 2019; the fully briefed motion, including Alcon's reply, shall be filed by October 3, 2019. The reply shall

---

[1] That submission is incorrectly docketed under the title "Letter Motion to Strike Fully Briefed Motion to Dismiss . . . ." (DE #91). That document in fact concerns Alcon's motion for preliminary injunction, not Alcon's motion to strike the Amended Answer.

not raise new arguments or include new evidence, and no sur-replies or responses to sur-replies will be permitted.   In light of the new briefing schedule, the following motions are terminated as moot:   DE #74, #75, #79, #91.

Finally, the Court reluctantly grants Lens.com's request to file a letter responding to the three declarations of Alcon's in-house counsel.   To the extent that Alcon wishes to reply to Lens.com's submission, Alcon's response must be filed by 2:00 p.m. on August 16, 2019.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
 **August 14, 2019**


/s/  *Roanne L. Mann*
                     **ROANNE L. MANN**
                     **CHIEF UNITED STATES MAGISTRATE JUDGE**