UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALCON VISION, LLC,

                              **Plaintiff,**                               <u>**ORDER**</u>

    - against -                                                  18-cv-407 (NG) (RLM)

LENS.COM, INC.,

                              **Defendant.**
-------------------------------------------------------------x
**GERSHON, United States District Judge:**

      On February 28, 2020, the Honorable Roanne L. Mann, magistrate judge, filed a Report and Recommendation ("R&R") recommending denial of plaintiff's motion for preliminary injunctive relief. Plaintiff Alcon Vision, LLC ("Alcon") has filed objections, including a brief declaration, which I have considered. Defendant Lens.com has filed a response; proffered with that response are additional factual submissions, which I decline to consider.

      In reviewing Judge Mann's R&R, I may "accept, reject, or modify, in whole or in part, [her] findings or recommendations." 28 U.S.C. § 636 (b)(1)(C); *see also* Fed. R. Civ. P. 72(b). I may also "receive further evidence." Fed. R. Civ. P. 72(b). Since there are objections, my review is *de novo*. *Id*.

      I have reviewed all of Alcon's objections applying *de novo* review and now adopt in their entirety Judge Mann's factual and legal conclusions. Judge Mann comprehensively and carefully reviews the facts and draws appropriate inferences from those facts. Her analysis of the applicable law is sound, indeed, impeccable.

      I address below only one objection, relating to the requirement of irreparable injury, in detail.

Lens.com, in its letter of March 9, 2018 requesting a pre-motion conference prior to filing a motion to dismiss for lack of personal jurisdiction, stated the following:

> Counsel for Lens.com met and conferred with counsel for Alcon on March 6, 2018. Alcon has agreed that if the Court agrees to hear the Lens.com Motion, briefing related to Alcon's motion for preliminary injunction may be stayed until after the Lens.com Motion is fully briefed and decided by this Court.

In its responding letter of March 14, 2018, Alcon contested the merits of the proposed motion to dismiss but did not deny or even address this agreement. At a pre-motion conference before me, on April 25, 2018, briefing on the motion to dismiss was scheduled, and briefing on the preliminary injunction motion was stayed until decision on the motion to dismiss, which occurred on January 17, 2019.

Judge Mann, in her R&R, relied on Alcon's consent to this procedure and viewed the entire 14-month period between Alcon's filing of the complaint on January 19, 2018 and its service on Lens.com of its Amended and Renewed Motion for a Preliminary Injunction on April 5, 2019 as reflecting unreasonable delay, undermining any claim of urgency, on the part of Alcon in pursuing preliminary injunctive relief.

Alcon now faults Judge Mann for doing so and in particular for attributing to Alcon the period during which briefing on the preliminary injunction motion was stayed.[1]

While the record, with which I am keenly familiar, entirely supports Judge Mann's conclusion, I note that, even if I were to exclude the period of the stay from Alcon's delay—in the

---

[1] Alcon states in its Objections: "In fact, Alcon never agreed that its preliminary injunction motion *should* be stayed. Rather, after conferring with Lens.com, Alcon agreed that its motion *could* be stayed pending the outcome of Lens.com's motion to dismiss *if* the Court decided to hear that motion." Objections at 5 (emphasis in original). What Alcon means to convey by this sentence is not entirely clear; in any event, its consent is plain.

interest of encouraging consent to efficient procedures for resolving motions—I would reach the same result.

This is because, even excluding that period, the delays by Alcon in seeking preliminary injunctive relief undermine any claim of urgency. The complaint in this case was filed on January 19, 2018. Alcon did not serve Lens.com until February 23, 2018, when it also for the first time indicated an interest in preliminary relief by serving its motion for preliminary injunction. Then, after the decision on the motion to dismiss was filed on January 17, 2019, Alcon waited until April 5, 2019 to serve its Amended and Renewed Motion for a Preliminary Injunction. Alcon's proffered reason for this additional delay—that it had to hire a new investigator and arrange for new test buys before filing its renewed motion—is unpersuasive. Among other things, Alcon does not identify when it hired its new investigator, and in his declaration, the new investigator indicated that he began his investigation only on February 19, 2019. Nauwens Declaration ¶¶ 4–6. The stay of the preliminary injunction briefing did not preclude Alcon from beginning any investigation it thought it needed prior to this, and, if its motion was truly urgent, its delay is inexplicable.

In sum, Alcon's post-complaint delays were significant and undermine its claim of urgency even if I exclude the period during which Alcon consented to a stay of its preliminary injunction motion.

In addition to these periods of delay, Judge Mann painstakingly and accurately sets forth the facts and significance of the longstanding relationship between Alcon and Lens.com and the many, lengthy delays attributable to Alcon in the period before it filed its complaint in this case. These well-documented delays support Judge Mann's conclusion that Alcon's delay was unreasonable.

Therefore, as stated above, I adopt Judge Mann's recommendation. Alcon's Amended and Renewed Motion for preliminary relief is denied.

SO ORDERED.

/s/
**NINA GERSHON**
**United States District Judge**

**July 15, 2020**
**Brooklyn, New York**

4