UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALCON VISION, LLC,

                              **Plaintiff,**

                         **MEMORANDUM
                         AND ORDER**

       **-against-**                           18-CV-407 (NG)

LENS.COM, INC.,

                              **Defendant.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Defendant Lens.com, Inc. ("Lens.com") has filed a series of motions to compel further discovery materials from plaintiff Alcon Vision, LLC ("Alcon") in this trademark infringement action. The following motions are still pending: Letter Motion to Compel (Aug. 27, 2020) ("8/27/20 Motion"), Electronic Case Filing Docket Entry ("DE") #276 [DE #288][1]; Letter Motion to Compel (Aug. 31, 2020) ("8/31/20 Motion to Compel"), DE #286 [DE #285-1]; Letter Motion to Compel (Sept. 25, 2020) ("9/25/20 Motion to Compel"), DE #302 [DE #301-1]. For the reasons and to the extent discussed below, Lens.com's August 27th and August 31st motions to compel are granted in part and denied in part, and Lens.com's September 25th motion to compel is denied without prejudice.

---

[1] The bracketed citations in this opinion are to unredacted versions of the referenced submissions, some of which remain under seal.

## BACKGROUND

During a multi-hour telephonic discovery hearing held on July 6, 2020 to address a variety of motions to compel filed by both parties, this Court resolved a number of the parties' discovery disputes and directed counsel to confer further on other issues for which the Court had been provided insufficient information. See Minute Entry (July 6, 2020) ("7/6/20 Minute Entry"), DE #246. Among other things, after hearing argument on a Lens.com motion to compel information concerning foreign regulatory filings, i.e., Certificates to Foreign Governments, the Court directed the parties to confer further regarding the scope of Alcon's production of such documents. See Transcript of Hearing held on July 6, 2020 (filed on July 9, 2020) ("Hearing Tr.") at 152-53, DE #248. The Court provided the parties with general parameters regarding the scope of discovery, including regulatory documents from 2017 to the present concerning whether AOC, AOHG and O2 Optix lenses manufactured by Alcon, but not authorized for distribution in the United States, are FDA-compliant. See id. at 153.

I.  Lens.com's September 25th Motion to Compel: Alcon Sales Information

In its September 25th motion, Lens.com seeks production of Alcon sales information for contact lenses sold in various packaging, arguing that such data are relevant to damages under Lens.com's false advertising counterclaims. See 9/25/20 Motion to Compel. Specifically, Lens.com demands sales data for packages displaying the U.S. flag and the notation "Rx Only," and sales data concerning "Rest of World" and "Global" packaging. See id. at 1, 2. Alcon counters that the discovery sought is irrelevant and disproportionate to the needs of the case, such that production would create an undue burden on Alcon. See Response in Opposition (Sept. 29, 2020) at 2, DE #304.

Lens.com's motion fails to explain the damages theory under which damages are recoverable in the form of disgorgement of Alcon's profits. Lens.com's eighth and ninth counterclaims allege that Alcon deceived Lens.com and others by including the words "Rx Only" and displaying the U.S. flag on Alcon contact lens packaging, in violation of federal and state false advertising law. These counterclaims are the subject of a pending motion to dismiss before Judge Gershon. See Memorandum in Support re Motion to Dismiss (Apr. 7, 2020) at 21-24, DE #233. Following a review of the submissions in connection with that motion, this Court finds that Alcon has demonstrated "substantial reasons" for dismissal of the false advertising claims and "may very well be successful" in its motion. See Giminez v. Law Offices of Hoffman & Hoffman, Nos. CV 12–0669(JFB)(ETB), CV 12–2844(JFB)(ETB), 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012); see also Graduation Sols., LLC v. Acadima, LLC, No. 3:17-CV-01342 (VLB), 2018 WL 10398566, at *1 (D. Conn. June 21, 2018) ("A court has authority to, *sua sponte*, stay discovery and limit the scope pursuant to Rule 26(b)(2)(C)."). Having failed to pursue its original document requests on this issue for fifteen months, Lens.com served new document requests approximately 45 days before the discovery deadline. See Lens.com, Inc.'s Eighth Set Of Requests For Production Of Documents And Things (DE #302-2). Under the circumstances, Alcon has demonstrated good cause to deny without prejudice Lens.com's motion to compel discovery concerning its damages under the eighth and ninth counterclaims, with leave to renew the discovery motion in the event these counterclaims survive Alcon's motion to dismiss.

II.     Lens.com's August 31st Motion: Tightened and Normal Specifications

Lens.com's August 31st motion seeks communications and documents related to the need for, and development and implementation of, tightened manufacturing specifications for AOHG and AOC lenses intended for sale in the United States.[2]  See 8/31/20 Motion to Compel at 2.  Alcon responds that the development documents sought are irrelevant to any issue in this case.  See Response in Opposition re Letter Motion to Compel (Sept. 4, 2020) ("9/4/20 Response") at 2-3, DE #291.  According to Alcon, "whether Alcon needed to develop and implement a tightened specification . . . is not relevant to the claims and defenses remaining in this case."  Id. at 2.  "The only issue is whether the lenses that Lens.com sells in the U.S. are materially different from those Alcon distributes in the U.S."  Id.

Alcon entirely ignores the other prong of its claim -- that the grey market lenses sold by Lens.com in the United States fail to comply with Alcon's bona fide quality control measures, giving rise to trademark infringement.  See generally Zino Davidoff SA v. CVS Corp., 571 F.3d 238, 243-46 (2d Cir. 2009); Memorandum in Support [of] Amended Motion for Preliminary Injunction (Oct. 3, 2019) ("Alcon PI Mem.") at 15-16, DE #118.  Alcon has argued throughout this litigation that AOHG and AOC lenses sold by Lens.com do not comply with Alcon's bona fide manufacturing specifications for lenses intended to be sold in the U.S.  See Alcon PI Mem. at 15, 22-24; Declaration of Michael Wangsness (Oct. 4, 2019) ¶¶ 4-23, 29-31, DE #136; Amended Complaint (May 10, 2018) ¶¶ 41, 43, DE #20; see also Report and Recommendation (Feb. 28, 2020) at 45, 49-53, DE #201.  Accordingly, information regarding

---

[2] This motion includes Lens.com's demand for the same specific technical documents as those sought in its September 15, 2020 motion to compel, see Letter Motion to Compel (Sept. 15, 2020), DE #297 [DE #296-1], a motion that was denied as moot after Alcon produced the demanded documents, see Order (Dec. 23, 2020) (citing Response to Motion (Sept. 21, 2020), DE #299).

4

the need for and development of the tightened specification is relevant to whether such measures are nonpretextual.

In addition, as Alcon acknowledges, the other central issue in this trademark infringement case is whether the lenses sold by Lens.com in the U.S. are "materially different" from those authorized for sale by Alcon in the U.S. See 9/4/20 Response at 2. Documents regarding the need for, and development and implementation of, the tightened specifications are relevant to whether the differences between the normal and tightened specifications are "material."

Given the relevance of the demanded materials, Alcon argues that the production sought by Lens.com is "overbroad, unduly burdensome and *not* proportional to the needs of the case[,]" in that such production "would require Alcon to collect email boxes from multiple *new* custodians . . . , develop *new* search and review protocols, review potentially responsive documents, and produce an unknown quantity of documents." Id. at 3. Alcon does not explain why its previous searches did not extend to custodians in Manufacturing and Regulatory Affairs, see id., nor does Alcon supply a sworn statement from a client representative detailing the extent of the claimed burden.[3] Under these circumstances, the Court concludes that Lens.com has made a sufficient showing to warrant Alcon's production of some documents and communications, from several of the most pertinent custodians, related to the need for, development of, and implementation of the tightened specifications for AOHG and AOC lenses, and differences between the tightened and normal specifications, for the

---

[3] For example, while Alcon vaguely alludes to the need to conduct a search for documents from "multiple" new custodians, see 9/4/20 Response at 3, it makes no factual showing as to whether most of the information sought could be derived from one or two custodians primarily responsible for developing and/or implementing the tightened specifications.

period starting from January 1, 2013.  If the parties are unable to agree upon the few custodians and/or search terms to be utilized in connection with Alcon's search, the parties shall secure the services of a neutral mediator to help resolve their differences.

The required search will be limited to AOHG and AOC lenses.  Lens.com now seeks similar discovery as to whether Dailies Total 1 ("DT 1") lenses, which are not at issue in this action, are likewise subject to tightened manufacturing specifications.  See 8/31/20 Motion at 3.  Lens.com argues that the documents relating to DT 1 may demonstrate that Alcon's implementation of the tightened specifications for AOC and AOGH lenses are pretextual.  See id.  Lens.com did not seek these documents previously in its motion to compel, at the July 6th hearing or during the parties' pre-motion negotiations.  See Declaration of Nicholas T. Herrera (Sept. 4, 2020) ¶ 4, DE #291-1.  In addition to the belated nature of Lens.com's demand for these documents, Lens.com has failed to make a sufficient showing of their relevance to the claims in this case.  Thus, Lens.com's request for documents regarding DT 1 lenses is denied.

III.     Lens.com's August 27th Motion to Compel:  Certificates to Foreign Governments

In a separate motion, Lens.com seeks an order compelling Alcon to produce internal communications regarding Certificates to Foreign Governments ("CFGs")[4] issued at Alcon's request in connection with the allegedly infringing products; draft CFGs; and Alcon's communications with any foreign agents or foreign entities regarding such CFGs.  At the July 6th hearing, the Court directed the parties to confer on this issue, but set, as a starting point, the production of CFGs since 2017 regarding AOHG, AOC and O2 Optix lenses, and other

---

[4] A CFG is "for the export of medical devices that can be legally marketed in the United States that are in compliance with the requirements of the Federal, Food, Drug & Cosmetics Act."  See https://www.fda.gov/medical-devices/exporting-medical-devices/types-export-certificates.

6

documents discussing FDA compliance.  See Hearing Tr. at 153.  Lens.com points to language in certain CFGs to the effect that the lenses at issue in this litigation may be "legally marketed within the United States."  8/27/20 Motion at 2; see Declaration of Jed Hansen (Aug. 27, 2020) ("Hansen Decl."), Ex. J at 2,[5] DE #276-11 [DE #288-11]; Hansen Decl., Ex. N at 3, DE #276-15 [DE #288-15].  Alcon has agreed to produce the CFGs related to those three products, since January 1, 2017, as well as Alcon's applications to the FDA, and any response received from the FDA.[6]  See Hanson Decl., Ex. E at 5, DE #276-6 [DE #288-6].

Alcon objects to producing "internal and external communications about CFGs[,]" which, Alcon's counsel asserts, "would require Alcon to collect email boxes and other documents from multiple new custodians . . . , develop new search and review protocols, review potentially responsive documents and produce an unknown quantity of documents."  Response in Opposition re Letter Motion to Compel (Aug. 31, 2020) ("8/31/20 Response") at 2, DE #283.  Here again, counsel's assertion is not accompanied by a sworn statement from a client representative with knowledge regarding CFG issues, such as Sherri Lakota, Alcon's Vice President of Global Regulatory Affairs for Vision Care, see generally Declaration of Sherri Lakota (Oct. 3, 2019) ¶ 2, DE #131 – and the person who, along with Katryna Warren, Alcon's Global Regulatory Project Director, communicated with Peruvian officials regarding

---

[5] Citations to page numbers of exhibits correspond to the page numbers assigned by the ECF system.

[6] In its response to Lens.com's motion to compel, Alcon represents that it "produced CFGs since 2017 for three products[,]" 8/31/20 Response at 2, but is silent as to whether Alcon has completed its production of its applications to the FDA and any response received from the FDA.  To the extent that Alcon has not already done so, it is directed to complete production of the agreed-upon documents forthwith.

CFGs and product packaging changes relating to AOC and AOHG products, see 8/27/20 Motion at 3 (citing DE #276-16, #276-22, #276-23).

The Court concludes that Lens.com has made a sufficient showing that communications of Lakota and/or Warren (and/or their successors) with foreign officials regarding CFGs pertaining to AOHG, AOC and O2 Optix lenses are relevant to whether the grey market lenses sold by Lens.com in the United States comply with U.S. laws or FDA requirements and/or have been designated as marketable in the U.S. Regarding whether the burden of production imposed on Alcon would be disproportionate to the needs of the case, see Fed. R. Civ. P. 26(b)(1), having taken into account that Lens.com has already secured the CFGs themselves and has or will be receiving Alcon's applications to the FDA and responses thereto, the Court finds that Lens.com's demand for production is overbroad and unduly burdensome. For example, although the Court, at the July 6th hearing, ordered the production of CFGs from 2017 on, see Hearing Tr. at 153, Lens.com, without explanation, demands production extending back to the start of 2013, see 8/27/20 Motion at 2. Lens.com has made no showing of the relevance of materials predating 2017.

Equally overreaching is Lens.com's demand for discovery of CFG-related materials with respect to DACP lenses – information that, at the July 6th hearing, Lens.com assured the Court it was not seeking, see Hearing Tr. at 141, 153, but which Lens.com now claims that such information is relevant to product packaging of DACP lenses, see 8/27/20 Motion at 3 n.2. The time for Lens.com to seek such information has long passed. Alcon has consistently objected to producing such documents related to DACP lenses, see Plaintiff Alcon Vision, LLC's Amended Objections And Responses To Lens.Com, Inc.'s Third Set Of Requests For

Production Of Documents And Things (DE #276-3) [DE #288-3], and, having withdrawn its DACP-related demands, Lens.com will not be allowed to reverse course late in the discovery process.

In any event, as the Court opined at the discovery hearing, CFGs and other information pertaining to compliance with FDA rules and regulations are relevant to Alcon's infringement theory that AOHG, AOC and O2 Optix lenses sold by Lens.com may not be FDA-compliant. See Hearing Tr. at 153; see generally Declaration of Benjamin England (Aug. 27, 2020) ¶ 6, DE #276-25 [#288-25] ("A CFG is an official representation from the FDA that a specific medical device meets FDA regulations and may be legally marketed in the United States."). Because Alcon has not alleged that DACP lenses sold by Lens.com fail to meet FDA regulations or may not be legally marketed in the United States, Lens.com's request for the production of information concerning DACP lenses is denied.

For the foregoing reasons, the Court grants in limited part only Lens.com's motion for production of CFG-related communications. Such production shall be limited to communications of Lakota and/or Warren and/or their successors with foreign officials since January 1, 2017, concerning CFGs relating to AOHG, AOC and O2 Optix lenses. Again, to the extent that the parties are unable to agree upon the search terms to be used, they shall utilize the services of a mediator to help resolve their disputes.

## CONCLUSION

For the foregoing reasons, Lens.com's August 27th and August 31st motions to compel are granted in part and denied in part, to the extent outlined in this opinion, and Lens.com's September 25th motion for discovery concerning Lens.com's damages under its eighth and

9

ninth counterclaims is denied without prejudice until after disposition of Alcon's motion to dismiss those counterclaims.

        **SO ORDERED.**

Dated:    Brooklyn, New York
              January 20, 2021

                              /s/    *Roanne L. Mann*
                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**